IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

LORI SUSAN PRICE,

                Respondent,

and

JESSE ELDON PRICE,

                Appellant.

No. 84804-6-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, A.C.J. — Jesse Price challenges provisions of a parenting plan that provide for the care of his daughter. The challenged decisions were within the trial court's discretion and there has been no showing that the court abused its discretion. We affirm.

FACTS

Jesse Price and Lori Price are the parents of H.[1] In January 2021, Lori petitioned for legal separation and sought entry of a parenting plan for then 5-year old, H. While the petition was pending, the court entered two successive restraining orders that required Jesse to refrain from interfering with H's school

---

[1] Because the parties share the same last name, we refer to them by their first names for clarity. No disrespect is intended.

attendance and with "reasonable efforts to protect her from COVID-19[2] transmission."

The parties later agreed to convert the petition for legal separation to a petition for dissolution. They resolved all property and support issues by agreement and the issues before the court during the three-day trial in July 2022 only concerned the provisions of a parenting plan. Lori was represented by counsel at trial, while Jesse represented himself.

After considering the testimony of seven witnesses, including the parties and a guardian ad litem, as well as over 35 exhibits, the trial court entered a ruling and expressly found that Jesse has a "long-term emotional or physical impairment that interferes with the performance of parenting functions." This finding was incorporated into a parenting plan that requires Jesse to obtain a neuropsychological evaluation and comply with the resulting treatment recommendations. The parenting plan also gives Lori sole decision-making authority with respect to H's health care.[3] Additionally, the parenting plan sets forth a residential schedule that establishes that H is to live with Lori the majority of the time, but provides for residential time with Jesse every other weekend and two weekday afternoons each week.

Jesse timely appealed.

---

[2] 2019 novel coronavirus infection disease.

[3] The parenting plan provides for joint decision-making with regard to education and daycare, subject to the limitation that Jesse may not remove H from school or daycare "without Lori Price's prior consent" and may not "interfere with reasonable school-imposed conditions for the health and safety" of H.

Lori seeks correction of a typo that appears in the court's written ruling that sets forth this limitation, but as the parenting plan incorporates a corrected version of the limitation, it is unnecessary to remand for correction of the written ruling.

ANALYSIS

At the outset, we note that, as he did below, Jesse represents himself on appeal. Pro se litigants are held to the same standard as attorneys and are bound by the same rules of procedure and substantive law. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). To comply with the Rules of Appellate Procedure (RAP), an appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Here, with few exceptions, Jesse's arguments are unsupported by proper references to the record on appeal or legal authority. Jesse relies on authorities and articles that were apparently not presented to the trial court and appear to be outside the appellate court record, and fails to provide argument in support of each assignment of error. We decline to consider any arguments or authorities not before the trial court.[4] RAP 2.5(a). Critically, Jesse fails to apply, much less identify, the relevant standard of review, and largely fails to address the applicable legal standards. Notwithstanding these limitations, to the extent we are able to discern Jesse's challenges to aspects of the parenting plan, we endeavor to review the merits of his claims on appeal.

I.      Standard of Review and Legal Principles

In Washington, "the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." RCW

---

[4] To the extent that Lori also cites authorities in her responsive briefing that were not presented at trial and are not a part of the appellate record, we likewise do not consider them.

26.09.002. In structuring a permanent parenting plan, the court exercises broad discretion. In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012) (citing In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993) (discussing various aspects of RCW 26.09.187)). The court's discretion is guided by several specific statutory provisions: RCW 26.09.002, which declares the policy of the Parenting Act of 1987; RCW 26.09.184, which sets forth the objectives of the permanent parenting plan and its required provisions; RCW 26.09.187(3), which enumerates the factors to be considered in making residential provisions in a parenting plan; and RCW 26.09.191, which sets forth factors that require or permit limitations on a parent's involvement with the child. Id. at 35-36.

We review the parenting plan ultimately adopted by the court for abuse of discretion. In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). A trial court abuses its discretion when "its decision is manifestly unreasonable or based on untenable grounds" or reasons. Id. at 46-47.

II.     Residential Schedule

Jesse claims that the residential schedule, which provides for H to live primarily with Lori, is contrary to the child's best interests because of an incident he characterizes as abuse. To support this allegation, Jesse relies on a hearsay statement dated April 2023 that he concedes was neither before the trial court during the proceedings in July 2022, nor does it appear in the appellate court record. Jesse cannot establish an abuse of the trial court's discretion, or any basis for appellate review in the absence of evidence in the record which substantiates

his claim. See State v. McFarland, 127 Wn.2d 322, 337-38, 899 P.2d 1251 (1995) (appellate court will not consider matters outside the record).

Jesse also contends that because H spends the majority of time in Lori's household under the parenting plan, it ignores the "importance of a father's role in a child's development" and is not in her best interests. In fashioning residential provisions, the trial court must consider the factors enumerated in RCW 26.09.187(3)(a), including the "relative strength, nature, and stability of the child's relationship with each parent," "past and potential for future performance of parenting functions as defined in RCW 26.09.004(3)," and "the emotional needs and developmental level of the child." RCW 26.09.187(3)(a)(i), (iii), (iv). Here, the court's ruling reflects its consideration of each of the statutory factors and its specific consideration of the importance of each parent's role in H's life. The court expressly found that "each parent brings unique and important influences on their daughter that are positive and necessary for her successful upbringing." Jesse's assertion that the court disregarded the value of his involvement is not only unsupported by the record but directly contradicted by it.[5]

---

[5] Jesse also argues that the residential schedule is not in H's best interest because Lori lacks suitable housing. He claims that structural defects in decking attached to Lori's house raise "serious concerns" about the "stability" of the structure. However, while Jesse admitted below that he lacked suitable housing for his daughter to reside with him, there was no admissible evidence before the trial court to suggest that Lori's housing is inadequate or unsafe.

Further, Jesse asserts throughout briefing that he "will not abdicate [his] responsibilities for [his] daughter," that he will "continue to be her father," and makes other similar comments regarding his role as her parent. There is nothing in the record before us to indicate that Lori or any other party sought to terminate his parental rights and the court issued no such order.

Finally, throughout his opening and reply briefs, Jesse repeatedly refers to pursuing additional litigation based on the outcome of this appeal, against the trial and appellate courts and various other entities. The Rules of Appellate Procedure constrain our review to whether the trial court abused its discretion in its orders set out in the parenting plan and we decline to consider other litigation, particularly that which has not yet been initiated.

III.     Decision-Making Provisions

Jesse challenges the allocation of decision-making authority with regard to health care.  The parenting plan provides for Lori to have "sole authority to engage the child with treating doctors as might be necessary at her discretion."

Citing RCW 26.09.004(2), which defines "parenting functions" to include "[e]xercising appropriate judgment regarding the child's welfare, consistent with the child's developmental level and the family's social and economic circumstances," Jesse claims that health care decision-making should not have been allocated to Lori because H is "now suffering from poor physical health."  He points to Lori's failure to pursue a mask exemption for H and his concerns about his daughter's nutrition.  But, the issue of whether it was appropriate to comply with the mask mandate then in effect was fully litigated at trial and Jesse fails to address our deferential standard of review.  And again, his claim is, at least in part, based on the alleged current conditions rather than evidence that was before the trial court and is now before us in the appellate record.

Jesse also appears to appeal the aspect of the decision-making provision that orders him to "not interfere with the administration of medication" prescribed for H.  Jesse claims that, as a result of this provision, he has no power to protect his daughter against "very risky and unnecessary" prescribed medication.  Jesse argues the medication at issue has not been subject to appropriate testing, has a variety of potentially harmful side effects, and that there are safer ways to address H's underlying health issues.  But here too, both parties presented evidence regarding this issue at trial and had the opportunity to fully express their viewpoints

about the necessity and efficacy of medication prescribed for H. Contrary to Jesse's apparent belief, our court does not find facts, resolve conflicts in the evidence, or reweigh the evidence to determine if we would reach a different conclusion from the trial court. See In re Marriage of McNaught, 189 Wn. App. 545, 561, 359 P.3d 811 (2015). The trial court was entitled to credit the evidence presented by Lori.

Finally, Jesse maintains that, in several instances, he demonstrated that Lori lied under penalty of perjury. He further argues that the trial court erred by not imposing sanctions or other consequences on Lori for this conduct and in crafting provisions consistent with her proposals. But, Jesse does no more than show that he disagreed with some of the assertions made by Lori's lawyer and had a basis to challenge some aspects of Lori's testimony. He asserts that Lori committed perjury, but fails to provide any authority which would suggest that this court could make such a determination, or provide any evidence to establish perjury beyond his conclusory statements. Moreover, Jesse fails to appreciate that the trial court's role in this case was not to mediate factual disputes between the parents. Rather, the court's primary purpose and responsibility in establishing a parenting plan, is to provide for the child's physical care, ensure the child's emotional stability, and further the child's best interests. See RCW 26.09.184(1)(a), (b), (g).

We find no error or abuse of discretion by the trial court in its allocation of residential time and decision-making authority in the parenting plan. Lori requests

an award of costs.  Because she substantially prevails on appeal, Lori is entitled to statutory costs under RAP 14.2. [6]

Affirmed.

Hazelrigg, A.C.J.

WE CONCUR:

Smith, C.J.                     Bowman, J.

---

[6] In response to Jesse's appeal, Lori also requests "protection" from further "frivolous proceedings."  But, it is unclear exactly what relief Lori seeks and she fails to provide legal authority that supports her request.  Accordingly, it is denied.

In addition, Lori asks for affirmative relief with respect to several aspects of the parenting plan.  But, because Lori has not filed a cross appeal, we decline to consider her requests for relief.  See RAP 2.4(a) (appellate court will grant affirmative relief to a respondent by modifying the decision subject to review only if the respondent also files a timely notice of appeal or such relief is "demanded by the necessities of the case.").